(Pleito No. 137.—Fallado el 18 de Julio de 1901.)

## OLIVARI contra BARTOLOMEI.

RECURSO contra sentencia dictada por la Corte de Distrito de Ponce.

COMPRA-VENTA. EMBARGO. Para conferir el derecho de dominio á favor del comprador sobre bienes muebles litigiosos, anteriormente embargados por otro deudor, es necesario que haya mediado la tradición ó entrega de la cosa. El otorgamiento de una escritura de compra-venta no constituye tal entrega ó tradición según el precepto legal.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez y ocho de Julio de mil novecientos uno, en el pleito seguido en el Tribunal de Distrito de Ponce por Don Alejandro Bartolomei, comerciante, vecino de Yauco, con Don Pedro de Cardi, agricultor, y Don Tomás Olivari Antoni, propietario, ambos de la misma vecindad que el primero, sobre tercería de dominio, pleito pendiente ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por el demandante Olivari y en su defensa y representación por el Letrado Don Herminio Díaz Navarro, habiendo llevado la representación y defensa de Don Pedro de Cardi y de Don Alejandro Bartolomei respectivamente los letrados Don Rafael López Landrón y Don José Guzmán Benítez.— Resultando : Que por escritura pública de treinta y uno de Julio de mil novecientos, Don Alejandro Bartolomei se comprometió á facilitar á Don Pedro de Cardi las cantidades que éste fuera necesitando precisamente para atender al cultivo y recolección del fruto de café de tres fincas rústicas de la propiedad de Cardi, una de ellas nombrada "Vicens," con cabida de cuarenta y cinco hectáreas, veinte áreas y treinta y seis centiáreas, sita en el barrio de "Indiera abajo," término Municipal del pueblo de Maricao, otra denominada "Isabel," con extensión de noventa y tres hectáreas, cincuenta y cuatro áreas, treinta y dos centiáreas y quince miliáreas, radicada en el barrio de "Bucarabones" del mismo pueblo,

y la tercera, con el nombre de "Tres Hermanos" y cabida de ciento diez y ocho hectáreas, cincuenta y nueve áreas y noventa y seis centiáreas, ubicada también en el barrio de "Indiera abajo" de Maricao, cuyas cantidades, según cálculo, podrían ascender hasta el treinta de Abril del año siguiente en que terminaría el compromiso, á seis mil pesos oro americano más ó menos, y Cardi, para garantizar los suplementos ó adelantos que fuera haciéndole Bartolomei, desde el día de la escritura hasta la fecha indicada, le vendió todo el café de la cosecha próxima de las tres mencionadas fincas, en lo que alcanzare á cubrir el total importe que resultara de los suplementos hechos, cosecha que ambos calcularon sería de mil á mil doscientos quintales, siendo condición expresa que Bartolomei tomaría el fruto á diez pesos oro cada quintal, y que Cardi le entregaría el número de quintales convenido en el domicilio de Bartolomei, que se fijaba en el pueblo de Yauco, con derecho el Bartolomei de intervenir en todo lo concerniente á la recolección del fruto, desde que ésta comenzara hasta el final de la cosecha.—Resultando : Que habiendo promovido Don Tomás Olivari, autos ejecutivos contra Don Pedro de Cardi, por la suma de tres mil ciento diez y ocho pesos noventa y tres centavos, moneda provincial, é intereses legales, desde el diez y seis de Julio del año próximo pasado, entre otros bienes fueron embargados á Cardi todos los frutos de café pendientes de cosecha en las tres fincas de que se deja hecho mérito ; habiendo manifestado Cardi, que los frutos por recolectar estaban vendidos con anterioridad.—Resultando : Que Don Alejandro Bartolomei, con fecha veinte y siete de Octubre del año citado, dedujo la demanda de tercería que ha motivado este pleito, alegando como hechos los que se dejan expuestos ; é invocando como fundamentos de derecho los artículos 334, 348, 609, 1,095, 1,271, 1,273, 1,445, 1,462 y 1,463 del Código Civil, los artículos 1,530 y 1531 de la Ley de Enjuiciamiento Civil, el artículo 389 de la Ley Hipotecaria y la regla 63 de la Orden General número 118, serie de 1,899, con expresión

de que ejercitaba la acción personal ex-contractu y la reivindicatoria, concluyó suplicando se declarara en definiva que los frutos de las tres fincas ya relacionadas, correspondían desde treinta y uno de Julio del año próximo pasado, hasta treinta de Abril del año siguiente, en propiedad á Don Pedro Cardi, alzándose el embargo de los mismos con imposición de todas las costas á Don Tomás Olivari.—Resultando: Que conferido traslado de dicha demanda al ejecutante y ejecutado, éste se allanó á la misma y aquél la contestó, pretendiendo se desestimara y que se declarara fraudulenta y rescindida la escritura de compra-venta de frutos en que fundaba su acción el tercerista, con imposición á éste de todas las costas, á cuyo fin alegó que Don Pedro Cardi le era deudor de tres mil ciento diez y ocho pesos noventa y tres centavos moneda provincial, á pagar en veinte y dos de Mayo de mil novecientos, y no habiendo podido obtener su reintegro oportunamente, solicitó en catorce de Julio del mismo año, embargo preventivo contra los bienes del deudor, que se decretó el diez y seis y llevó á cabo el diez y ocho, habiéndose embargado como de la propiedad de Cardi, las fincas rústicas situadas en el término municipal de Maricao, sobre las cuales pesaban crecidísimos créditos hipotecarios; y que la escritura de venta de frutos, con que se decoraba la demanda, fué otorgada con posterioridad á la fecha en que se decretó mandamiento de embargo para asegurar el pago del mencionado crédito; invocando como fundamentos de derecho los artículos 1,291, 1,299 y 1,923 del Código Civil en su párrafo 1º, el 44 de la Ley Hipotecaria y las Órdenes Judiciales de treinta de Enero y seis de Mayo de mil ochocientos noventa y nueve, sobre ventas fraudulentas.—Resultando: Que abierto el juicio á prueba, y practicadas las propuestas por las partes, el Tribunal de Distrito de Ponce dictó sentencia en seis de Febrero último, por la que declaró con lugar la tercería de dominio interpuesta por Don Alejandro Bartolomei contra Don Tomás Olivari y Don Pedro Cardi, y de la propiedad del primero los frutos que re-

clama, desestimando las excepciones alegadas por Olivari, con las costas del juicio á su cargo y mandando se alce el embargo que originó la tercería.—Resultando: Que contra esa sentencia se ha interpuesto por parte de Don Tomás Olivari, recurso de casación por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como motivos, los siguientes: Primero. Error de hecho en la apreciación de la prueba, al declararse consumada en el tercero de los considerandos la venta de los frutos litigiosos hecha por Cardi á Bartolomei y acreditado por éste el dominio de los mismos, mediante la escritura pública de treinta y uno de Julio del año próximo pasado, pues el dominio, según el artículo 609 del Código Civil, se adquiere, entre otros modos, por consecuencia de ciertos contratos mediante la tradición, y ésta se entiende verificada en el de compra-venta, según el artículo 1,462 del referido Código, cuando la cosa vendida se pone en poder y posesión del comprador, equivaliendo el otorgamiento de escritura pública, cuando ésta interviene en el contrato, á la entrega ó tradición de la cosa vendida, si de la misma escritura no resultare ó se dedujere claramente lo contrario; y como por la escritura pública de treinta y uno de Julio de mil novecientos, Cardi vendió á Bartolomei el café de la cosecha próxima al día del contrato, cuyo café había de entregarse en el domicilio del segundo, en el pueblo de Yauco, es claro, que el otorgamiento de dicho documento no puede ser apreciado como equivalente á la entrega de la cosa, porque de la propia escritura no se deduce, sino que resulta con toda claridad lo contrario, y en su consecuencia, no habiendo habido tradición, no pudo adquirir Bartolomei el dominio sobre el fruto, y la Sala sentenciadora, al declarar lo contrario, incurrió en el error de hecho alegado.—Segundo. Igual error de hecho, al afirmarse en el considerando noveno de la sentencia que no existía mandamiento de embargo sobre los frutos litigiosos, al ser vendidos á Bartolomei por la escritura pública de

treinta y uno de Julio de mil novecientos, pues las fincas rústicas de cuyos frutos se trata fueron embargadas el diez y nueve del mismo Julio, anotándose ese embargo en el Registro de la Propiedad el veinte y cinco ó sea seis días después, según documentos públicos y auténticos obrantes en autos; y como lo accesorio sigue la suerte de lo principal, principio consagrado por las sentencias del Tribunal Supremo de España de diez y ocho de Mayo de mil ochocientos setenta y seis y veinte y cinco de Enero de mil ochocientos ochenta y nueve en que se inspiran los artículos 334, 353, 354 y 1,097 del Código Civil, y los 110 y 111 de la Ley Hipotecaria que adscriben al terreno el fruto pendiente, considerándolo como un todo con el suelo que lo produce, no cabe duda que al embargarse las fincas de Cardi, anotándose el embargo, quedó adscrito al mismo y anotado por ministerio de la ley el fruto de las mismas, con anterioridad á la venta que de él hizo Cardi á Bartolomei en treinta y uno de Julio de mil novecientos.—Tercero. Otro error de hecho, al no admitirse como probada la presunción de ser simulada la escritura de treinta y uno de Julio de mil novecientos, cuya presunción está claramente definida en el párrafo último del artículo 1,297 del Código Civil, pues si en la traba de las fincas y su anotación preventiva deben entenderse comprendidos los frutos de las mismas, y si éstos se vendieron con posterioridad á Bartolomei, es obvio que semejante venta debe reputarse simulada.—Cuarto. Errores de derecho en la apreciación de la prueba, derivados de los errores de hecho ya apuntados, y consistentes aquéllos en no admitirse como indubitables las fechas y hechos consignados en los motivos 1º y 2º del recurso, á pesar de constar en escrituras notariales y en testimonios y certificaciones libradas por persona competente, y en actuaciones judiciales ó sea en documentos públicos, con infracción de los artículos 1,216 y 1,218 del Código Civil que determinan el valor probatorio de esos documentos; y en no declarar probada la simulación de la escritura

de treinta y uno de Julio de mil novecientos á pesar de lo ya expuesto en el motivo tercero, infringiéndose de ese modo el artículo 1,250 en relación con el párrafo último del 1,297 del Código Civil, determinante aquél del valor probatorio de toda presunción establecida por la ley.—Quinto. Infracciones de ley con motivo de los errores en la apreciación de las pruebas, siendo las disposiciones legales infringidas las siguientes: 1º El artículo 609 del Código Civil, párrafo 2º, en relación con el 1,462, toda vez que se ha estimado que Bartolomei adquirió, mediante el contrato consignado en la escritura pública de treinta y uno de Julio de mil novecientos, la propiedad de los frutos á que aquél se refiere, no siendo así, por no haberse verificado la tradición; 2º La de considerar como consumado un contrato que no ha pasado del perfeccionamiento, violando la doctrina sentada por el Tribunal Supremo de España en multitud de sentencias, entre otras, la de dos de Octubre de mil ochocientos ochenta y cinco, la que establece que en toda compra-venta hay dos actos distintos, uno el de la perfección del contrato que se realiza, desde que los contrayentes convienen en el precio y en la cosa, y otro el de la consumación del mismo contrato que no tiene lugar hasta que comprador y vendedor se entregan respectivamente el precio de la venta y la cosa objeto de ella; 3º La del párrafo 2º del artículo 348 del Código Civil, toda vez que se ha permitido prosperase la acción reivindicatoria ejercitada por Bartolomei, no correspondiéndole aquella acción, por no ser propietario de la cosa que ha querido reivindicar; 4º La del principio jurídico "Lo accesorio sigue la suerte de lo principal", en que se inspiran los artículos 334, 353, 354 y 1,097 del Código Civil y los 110 y 111 de la Ley Hipotecaria, consagrado como doctrina por varias sentencias del Tribunal Supremo de España, entre ellas, las de diez y ocho de Mayo de mil ochocientos setenta y seis y veinte y cinco de Enero de mil ochocientos ochenta y nueve, toda vez que habiéndosele embargado determinadas fincas rústicas no se

han estimado comprendidos en el embargo los frutos pendientes y los por producir en dichas fincas, y 5º La de los artículos 44 y 71 de la Ley Hipotecaria, porque habiéndose verificado la supuesta venta de los frutos á Bartolomei con posterioridad á la anotación preventiva del embargo de los mismos practicado á instancia de Olivari, se ha declarado con lugar la tercería de aquél con perjuicio de los derechos del segundo, que son preferentes.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que la Sala sentenciadora ha incurrido en el error de hecho que se alega en el primer motivo del recurso, al declarar probado por el tercerista, mediante la escritura de treinta y uno de Julio de mil novecientos, el dominio de los frutos litigiosos, pues para la prueba de dicho dominio, como derivado de un contrato de compra-venta, es necesaria la tradición ó entrega de la cosa, según el artículo 609 del Código Civil, y tal entrega en el caso de autos no puede reputarse hecha por el otorgamiento de la expresada escritura, al tenor de lo que preceptúa el artículo 1,462 del citado Código, toda vez que vendedor y comprador convinieron expresamente en que el café que se recolectara de las tres fincas "Vicens," "Isabel" y "Tres Hermanos" había de entregarse en el domicilio de Bartolomei, y por otra parte, como la entrega no habría de ser de determinada y precisa cantidad de café, sino del número de quintales que al precio de diez pesos oro cada quintal cubrieran el total de las cantidades que Bartolomei supliera á Cardi para el cultivo y recolección del fruto, cuyas sumas se calcularon en seis mil pesos oro americano, mientras que la cosecha calculada había de ser de mil á mil doscientos quintales y representaba por tanto un valor de diez mil á doce mil pesos de la misma moneda, es claro que lejos de resultar de la escritura de treinta y uno de Julio de mil novecientos la entrega del fruto, de la misma se desprende claramente lo contrario; habiéndose infringido en su consecuencia los artículos 348, 609 y 1,462 del Código Civil y la doctrina del Tribunal

Supremo de España, que se invocan al consignar las infracciones legales 1ª, 2ª y 3ª del 5º motivo del recurso.—Considerando: Que procediendo el recurso de casación por el motivo primero y por las infracciones legales 1ª, 2ª y 3ª apuntadas en el 5º motivo, se hace innecesario discutir los demás fundamentos del mismo.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por Don Tomás Olivari contra la sentencia que dictó el Tribunal del Distrito de Ponce en seis de Febrero último; y en su virtud casamos y anulamos dicha sentencia, lo que, con la que á continuación se dicte y devolución de autos, se comunique al expresado Tribunal á los fines procedentes.— Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José C. Hernández. — José Mª Figueras. — Louis Sulzbacher.

Publicación. Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico á diez y ocho de Julio de mil novecientos uno.— Eugenio Alvarez, *Secretario sustituto.*